**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-60525
Summary Calendar

LARRY C. MAXWELL,

Plaintiff-Appellant,

VERSUS

LAUDERDALE COUNTY; LAUDERDALE COUNTY SHERIFF'S DEPARTMENT;
KEMPER COUNTY; KEMPER COUNTY SHERIFF'S DEPARTMENT;
CHIEF DEPUTY MICHAEL VICK; T.R. VICK; C.M. VINCENT;
JOEL WALTERS; and MICHAEL WEST,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi
(4:93-CV-39-LN)

June 18, 1997

Before WISDOM, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Larry Maxwell appeals the district court's entry of summary judgment for all defendants. We affirm.

Maxwell concedes on appeal that the district court properly dismissed his § 1983 claim against Lauderdale County because the county cannot be held liable under a theory of repondeat

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

superior.

Maxwell failed to brief his state law claims, his claims of excessive force, denial of medical care, conversion and conspiracy, and his claim that Michael West is liable for rendering an opinion concerning an alleged pattern of bruises on Maxwell's hand. This failure constitutes abandonment of these claims. Brinkmann v. Dallas Cty. Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

We hold that Lauderdale County Chief Deputy Michael Vick and Deputies C.M. Vincent, Joel Walters, and T.R. Vick are entitled to qualified immunity for their actions in connection with Maxwell's arrest and indictment. See Malley v. Briggs, 475 U.S. 335, 344-45 (1986)(holding that "[o]nly where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of [qualified] immunity be lost.); See also Morin v. Caire, 77 F.3d 116, 122 (5th Cir. 1996)(stating that an officer applying for a warrant will be entitled to qualified immunity unless his affidavit contains misstatements and omissions of "such character that no reasonable official would have submitted it to a magistrate").

We find no violation of Maxwell's civil rights in his arrest and prosecution by Kemper County authorities. Gerstein v. Pugh, 420 U.S. 103, 117 & n.19 (1975)(the issuance of an indictment by

2

a properly constituted grand jury "conclusively determines the existence of probable cause").

As Maxwell has pleaded no facts that suggest that West acted with malicious intent, Maxwell's allegations against Michael West fail to state a claim under 42 U.S.C. § 1983. See Neals v. Harwood, 59 F.3d 530, 532 (5th Cir. 1995)(negligence will not support a § 1983 action); Morrison v. City of Baton Rouge, 761 F.2d 242, 244 (5th Cir. 1985)(Plaintiffs must state specific facts, not merely conclusory allegations to support a § 1983 claim).

**AFFIRMED.**